**C.P. CHEMICAL CO., INC., Plaintiff,**

v.

**Todd A. STEVENSON, Defendant.**

**Civ. A. No. 88–2028.**

United States District Court, District of Columbia.

March 28, 1989.

Michael J. McManus, Washington, D.C., for plaintiff.

David A. Levitt, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

Plaintiff, C.P. Chemical Company, Inc., seeks to have this Court enjoin the defendant and all employees, officers, attorneys, and agents of the Consumer Product Safety Commission from disclosing documents requested in Freedom of Information Act Request S–601165. Plaintiff asserts that this Court has jurisdiction over the subject matter of this action under the Freedom of Information Act, 5 U.S.C. § 552, as amended; the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.;* the Consumer Product Safety Act, 15 U.S.C. § 2055(a)(6); the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.;* and 18 U.S.C. § 1905. Amended Complaint par. 3.

The case is now before the Court on plaintiff's motion for a preliminary injunction. The parties have agreed that the motion for a preliminary injunction may be consolidated with a trial on the merits.[1] *See* Fed.R.Civ. 65(a)(2).

After giving careful consideration to the motion, the Court concludes that plaintiff's motion for a preliminary injunction should be denied and that this case should be dismissed.

I.

The following are the underlying facts as set forth in plaintiff's amended complaint: Plaintiff C.P. Chemical is a small family owned business that manufactures the components of a product which, when mixed together at job sites by independent installers, forms to become a foam insulation. In the 1970's C.P. Chemical was one of several manufacturers of foam insulation products, all of which were banned for distribution and sale by the Consumer Product Safety Commission in 1982. Prior and subsequent to the ban, the Consumer Product Safety Commission solicited and collected consumer complaints and other information relating to C.P. Chemical. In 1983, the 5th Circuit Court of Appeals overturned and vacated the Commission's ban. The ban and its attendant adverse publicity destroyed much of the foam insulation industry, and it members were and are subject to much litigation. C.P. Chemical remains in the business of supplying the components of a foam insulation product which is still on the market. Amended Complaint par. 4.

By letter dated July 8, 1987, counsel for C.P. Chemical received notification from defendant Stevenson regarding FOIA Request S–601165. Mr. Stevenson's letter indicated that CPSC had received a request under the Freedom of Information Act (FOIA) for certain records pertaining to C.P. Chemical. Those records, consisting of eight (8) pages, were attached to the letter. Amended Complaint par. 5.

On August 10, 1987, counsel for C.P. Chemical responded to Mr. Stevenson's letter, objecting to the disclosure of eight (8) pages on the grounds that they are related to a specific lawsuit in active litigation and that they contained misleading and inaccurate statements, the disclosure of which could irreparably harm C.P. Chemical. Amended Complaint par. 6. C.P. Chemical received notice by letter of July 1, 1988

---

1. Plaintiff filed an amended complaint on July 25, 1988 adding allegations concerning a second FOIA Request, FOIA Request S–611203. The motion for preliminary injunction does not address that request; however, plaintiff's memorandum of points and authorities in support of the motion for preliminary injunction does discuss the second request, as does the defendant's opposition to the motion for preliminary injunction. At a status hearing on March 6, 1989, counsel agreed that the case could be reviewed *in toto.*

that the documents requested in FOIA Request S–601165 were to be released by the CPSC. Amended Complaint par. 7.

Attached to the July 1, 1988 letter was a letter to Richard Littlefield, Esquire from Todd Stevenson regarding FOIA Request S–601165. The letter to Mr. Littlefield, and the attached list of documents withheld, indicates that five hundred fifty-nine (559) pages of material, not the original 8, were to be released pursuant to FOIA Request S–601165. C.P. Chemical has been able to determine that pursuant to FOIA Request S–601165 seeking disclosure of the eight (8) pages attached to Mr. Stevenson's July 8, 1987 letter, the C.P.S.C. intends to disclose, with minor modification, both the five hundred fifty nine (559) pages referenced in the letter to Mr. Littlefield and the 8 pages attached to the original July 8, 1987 letter. C.P. Chemical objects to the disclosure of all of the documents. Amended Complaint par. 9.

By letter dated June 27, 1988, C.P. Chemical received notice that documents requested in FOIA request S–611203 were to be released by the CPSC. Amended Complaint par. 10. C.P. understands these documents to be the same as referenced in paragraph 9 above. Amended Complaint par. 11.

## II.

Pursuant to the Consumer Product Safety Act, the Commission must take "reasonable steps to insure ... that such disclosure [in the documents] is accurate, ... that such disclosure is fair in the circumstances and [that such disclosure is] reasonably related to effectuating the purposes of the Act." 15 U.S.C. § 2055(b)(1) (1988). The Commission's purposes include, *inter alia,* the protection of the public against unreasonable risks of injury associated with consumer products and to assist consumers in evaluating the comparative safety of consumer products. 15 U.S.C. § 2051(b). The Court notes that review of the Commission's actions must take in account the concern of accurate information, as well as, "broad disclosure of Government documents" *See, Federal*

*Bureau of Investigation v. Abramson,* 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982).

Generally, section 6(b)(1) requires the Commission to provide manufacturers or private labelers with advance notice and opportunity to comment on information the Commission proposes to release, if the public can readily ascertain the identity of the firm from the information. 16 C.F.R. § 1101.1(b)(1) (1988). Plaintiff did receive such notice. *See,* Amended Complaint par. 5. Plaintiff's main argument is that the documents contain misleading and inaccurate statements and are related to a case which is currently in active litigation. Plaintiff argues that "it is well settled that requests under the Freedom of Information Act may not be used as a private discovery tool." Plaintiff's Memorandum In Support of Motion for Preliminary Injunction at 20, citing *N.L.R.B. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). However, in that case the issue was whether FOIA requires the N.L.R.B. to disclose, prior to its hearing on an unfair labor practice complaint, statements of witnesses whom the Board intends to call at the hearing. *Id.* This case does not include documents that an agency has for its own investigation. The Commission is not required to evaluate the use of the documents, but only determine whether disclosure is proper.

Pursuant to the Consumer Product Safety Act, plaintiff may have this Court determine whether the Commission has taken reasonable steps to assure that the disclosure is accurate, fair in the circumstances and reasonably related to effectuating the purpose of the Act. 15 U.S.C. § 2055(b)(3). The defendant states; "under the Commission's regulation, unless there are *prima facie* questions about the contents of a document, the Commission will release information provided by its own staff and by reputable outside testing firms, as contrasted to unverified consumer complaints about particular products." Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction, citing 16 C.F.R. Part 1101, Subpart D. Defendant asserts that

"the documents to be released all have been prepared by Commission personnel or outside consultants, or contain testing results from reputable private firms." Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction.

Plaintiff does not dispute that the defendant procedurally complied with the Act and the Commission's regulations. Plaintiff states, "C.P. Chemical does not dispute the care with which Commission personnel or outside consultants conducted tests on foam insulation, nor does it seek to imply that the private firms utilized by the Commission were not reputable." Plaintiff's Reply to Defendant's Opposition to Motion for Preliminary Injunction at 4. Plaintiff does assert "that regardless of the care with which the information contained in the subject documents was complied [sic], the results *as to C.P. Chemical's product Tripolymer* are inaccurate and misleading." *Id.* (emphasis supplied)

It appears to the Court, that plaintiff's main concern is that their product, Tripolymer, will be improperly associated with another foam insulation. The defendant argues that "the release of the documents will not necessarily tend to cause people to associate Tripolymer 105 with UFFI [urea-formaldehyde foam insulation] even assuming such association to be harmful." Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction at 11. The defendant further argues that "[r]ather than leading people to associate the product with UFFI, therefore, the documents will, instead, apprise people of the controversy and the differing views about Tripolymer 105." *Id.* at 12. The Court recognizes that this is a dispute as to whether Tripolymer will be associated with UFFI; however, that is not a basis for the Commission to withhold the documents.

The Court is satisfied that the Commission took reasonable steps to assure that the documents released where accurate, fair in the circumstances and reasonably related to effectuating the purposes of the Act. The Court notes that the Commission represents to the Court that it will provide copies of the briefs submitted by C.P.

Chemical and the Commission to the Court of Appeals, as well as all comments C.P. Chemical has made on the documents. *See,* Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction at 9. The Court further notes that there is a dispute as to whether the Commission can verify that the foam insulation tested or investigated was a C.P. Chemical product. The Court will require the Commission, in addition to providing copies of the Commission's brief(s) and C.P. Chemical's brief(s) and comments, to provide a statement discussing whether it can verify that the foam insulation tested or investigated was a C.P. Chemical product.

In view of the above, the Court concludes that plaintiff's motion for a preliminary injunction should be denied and this case should be dismissed.